David B. Cetron [DC5739]
LAW OFFICE OF DAVID B. CETRON, P.C.
49 West 37th Street, 7th Floor
New York, New York 10018
212-616-3833

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------------------X      22 **CV** 4914

ANDREA EGHOBAMIEN,

                          Plaintiff,    **COMPLAINT**

          - against -

CITY OF NEW YORK, and    **PLAINTIFF**
DETECTIVE THOMAS HIRDT, Shield # 1909,    **DEMANDS A**
                                                                                                                      **TRIAL BY JURY**

                                                                                                                          **ECF CASE**

                        Defendants.
-----------------------------------------------------------------------------------X

**PARTIES, JURISDICTION and VENUE**

1. Plaintiff, ANDREA EGHOBAMIEN, is a 50 year old female, who, at all times relevant to this action, was a resident of Kings County, New York.

2. Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes Kings County and Queens County . Defendant NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

3. Upon information and belief, Defendant DETECTIVE THOMAS HIRDT, Shield # 1909, ("DEFENDANT HIRDT") was at all relevant times an officer with the NYPD assigned to Queens Det. Area 108, located in Jamaica, New York. All actions by DEFENDANT HIRDT complained of herein were taken in the course of his employment and under color of law. DEFENDANT HIRDT is being sued in both his individual and official capacities.

4. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, <u>et seq</u>., specifically 28 U.S.C. § 1343.

5. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

6. A Notice of Claim was timely served upon Defendant NYC on January 19, 2022, within ninety days of December 2, 2021, the statutory date of accrual for the State claims herein.

7. The instant action is commenced within one year and ninety days of the date of accrual of all State causes of action and within three years of the other claims.

## FACTS GIVING RISE TO THE CLAIMS

8. On or about May 27, 2021, Plaintiff was employed as a certified nurse aide at the Queens Boulevard Extended Care Facility located at 61-11 Queens Boulevard, Woodside, New York, within the confines of the NYPD's 108th Police Precinct, Queens County, New York.

9. On that date, an employee of the facility reported that a shoulder bag and its contents belonging to the employee had been taken from an 8th floor work station.

10. There were no witnesses to the alleged theft but surveillance video purportedly taken from an 8th floor hallway on May 27, 2021, at 7:38 a.m. showed a completely indistinguishable individual enter the 8th floor dining area and exit shortly thereafter holding a completely indistinguishable item.

11. Specifically, the video shows a person of indeterminate sex and of indeterminate height and weight, appearing to be wearing medical scrubs of indeterminate color, a surgical mask and head covering, displaying no observable or distinguishable facial features and no distinguishable gait, enter the 8th floor dining area

and then exit holding an item or items that appear to be black and white.

12. This video constituted the only "evidence" related to the purported occurrence and despite the complete and utter lack of distinguishable characteristics of the individual and item on the video, Administrator and Chief Operating Officer, Dr. Jonathan Mawere reported to DEFENDANT HIRDT that Plaintiff was the individual in the video and that the item was the shoulder bag of the other employee.

13. Based solely upon Dr. Mawere's impossible identification, on July 8, 2021, Plaintiff was taken into custody at her home located at 417 East 52nd Street, Brooklyn, New York, Kings County, and formally arrested by DEFENDANT HIRDT at the 108th Precinct in Queens County, New York.

14. Plaintiff was arrested by Defendant HIRDT without probable cause.

15. Plaintiff was released from the 108 Precinct and ordered to appear in the Criminal Court for the City of New York, Queens County, on July 28, 2021.

16. Plaintiff retained counsel to represent her in the criminal case.

17. On July 28, 2021, Plaintiff appeared in the Criminal Court for the City of New York, Queens County and was arraigned on the following charges: Grand Larceny in the fourth degree (NYS Penal Law §155.30(4)) a Class "E" felony and Petit Larceny (NYS Penal Law § 155.25) a Class "A" misdemeanor, and released on her own recognizance.

18. Thereafter, Plaintiff appeared virtually for two calendar appearances in Criminal Court.

19. On December 2, 2021, Plaintiff virtually appeared in the Criminal Court of the City of New York, Queens County at which time, upon the motion of the District Attorney's Office, all charges against Plaintiff were dismissed and all records pertaining

to this matter were sealed.

20. As a result of her arrest, Plaintiff was fired from her position as a certified nurse aide.

21. Additionally, her arrest was reported to New York State resulting in the suspension of her license as a certified nurse aide leaving plaintiff unable to work in her field.

22. Notwithstanding the dismissal of all charges in December, this arrest continued to prevent Plaintiff from obtaining employment as a certified nurse aide until the end of February 2022.

## FIRST CLAIM
(§1983 - FALSE ARREST)

23. Pursuant to Rule 10(c), Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 22 of the Complaint as if incorporated and reiterated herein.

24. Plaintiff was arrested despite the fact that there was no eye witness to the alleged crime and no evidence that Plaintiff had committed any crime.

25. The security video presented to DEFENDANT HIRDT displayed behavior susceptible to innocent as well as culpable interpretation and therefore did not constitute probable cause.

26. By failing to review the video and scrutinize the claim of the civilian who falsely accused Plaintiff, DEFENDANT HIRDT arrested Plaintiff based upon an objectively impossible identification and therefore, did so without probably cause.

27. By arresting Plaintiff without legal authority, DEFENDANT HIRDT violated

Plaintiff's rights under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

28. By reason thereof, DEFENDANT HIRDT, violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

## SECOND CLAIM
(§1983 - MALICIOUS PROSECUTION)

29. Pursuant to Rule 10(c), Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 28 of the Complaint as if incorporated and reiterated herein.

30. By initiating and pursuing criminal charges where there was no basis for such charge, DEFENDANT HIRDT, engaged in a malicious prosecution of the Plaintiff.

31. By reason thereof, DEFENDANT HIRDT, violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

## THIRD CLAIM
(COMMON LAW - MALICIOUS PROSECUTION)

32. Pursuant to Rule 10(c), Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 31 of the Complaint as if incorporated and reiterated herein.

33. By initiating and pursuing criminal charges where there was no basis for such charges, DEFENDANT HIRDT engaged in a malicious prosecution of the Plaintiff.

34. By reason thereof, DEFENDANT HIRDT caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

35. By reason thereof, and because DEFENDANT HIRDT, acted within the scope of his duties as a member of the NYPD, DEFENDANT NYC is also liable under this claim based on a theory of *respondeat superior*.

### DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i) On the first claim, actual and punitive damages in an amount to be determined at trial;

ii) On the second claim, actual and punitive damages in an amount to be determined at trial;

iii) On the third claim, actual and punitive damages in an amount to be determined at trial;

iv) Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and,

v) Such other relief as the Court deems just and proper.

Dated: New York, New York
August 16, 2022

LAW OFFICE OF DAVID B. CETRON, P.C.
Attorneys for Plaintiff

By: _____
David B. Cetron [DC5739]
49 West 37th Street, 7th Floor
New York, New York 10018
(212) 616-3833